

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-21,310-05

### EX PARTE RICHARD GROSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 32004-A IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated assault and sentenced to sixty years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Gross v. State*, No. 12-15-00280-CR (Tex. App.—Tyler July 20, 2016) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends in three grounds that Mark Cargill, trial and appellate counsel, was ineffective. On July 15, 2020, the habeas judge entered a timely order designating issues.[1] The

---

[1] The following day, the habeas judge signed an order of recusal and requested that the Presiding Administrative Judge assign a judge to this proceeding.

district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the application was forwarded before findings of fact and conclusions of law were made. We remand this application so the habeas judge who is assigned to this proceeding can complete an evidentiary investigation and make findings and conclusions.

The habeas judge shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the habeas judge's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the habeas judge and obtained from this Court.

Filed: September 16, 2020

Do not publish